UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-23681-DPG

FOREO INC.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S**
**MOTION FOR PRELIMINARY INJUNCTION**

THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction (the "Motion"). [ECF No. 9]. The Court has reviewed the Motion and the record, held a hearing on October 31, 2024, and is otherwise fully advised.

Plaintiff Foreo Inc. ("Plaintiff" or "FOREO") moves for entry of a preliminary injunction against Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule A hereto (collectively "Defendants"), and an entry of an order restraining the financial accounts used by Defendants, pursuant to 35 U.S.C. § 283, 35 U.S.C. § 284, 35 U.S.C. § 289, Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a).

For the reasons set forth herein, Plaintiff's Motion is GRANTED.

**I.**    **Factual Background**

Plaintiff owns all exclusive rights in various patents for FOREO Products (as defined in Plaintiff's Complaint). Plaintiff's utility patents include U.S. Patent Nos. US 9,889,065 B2, US

10,349,788 B1 US 11,633,073 B2 and US 9,578,956 B2 (collectively the "Utility Patents"). In addition, Plaintiff's design patents include US D698,455 S, US D716,961 S, US D734,481 S, US D774,772 S, US D771,952 S, US D882,104 S, US D882,810 S, US D773,064 S, US D760,912 S, US D799,711 S, and US D776,438 S (collectively, the "Design Patents"). Together, the Utility Patents and the Design Patents are referred to as the "FOREO Patents".

Defendants, through the various fully interactive commercial Internet websites operating under at least the Defendant Domain Names and online marketplace accounts listed in Schedule A to the Complaint (collectively, the "Defendant Internet Stores"), have advertised, promoted, offered for sale, or sold goods that are either substantially identical to the products depicted by at least one of the Design Patents and/or utilize the technology and invention claimed by at least one of the Utility Patents. *See* Declaration of Evan Feldstein ("Feldstein Decl.") at ¶¶ 9-16.

Defendants are not now, nor have they ever been, authorized or licensed to use the FOREO Patents, and none of the Defendants is an authorized retailer of genuine FOREO Products. *See* Feldstein Decl. at ¶ 20.

Plaintiff investigated the promotion and sale of products on the Defendant Internet Stores that appear to be genuine FOREO Products, but which are actually inferior and unauthorized imitations of the FOREO Products (the "Infringing Products"). *See* Feldstein Decl. at ¶¶ 8-16. Plaintiff accessed each of the e-commerce stores operating under the Defendant Internet Stores, initiated the ordering process for the purchase of a product from each of the Defendant Internet Stores (each of which directly or indirectly uses the technology and/or embodies the designs of the FOREO Patents), and completed a checkout page requesting each product to be shipped to an address in the Southern District of Florida. *See id*. Plaintiff conducted a review and visually inspected the Infringing Products for which orders were initiated by Plaintiff's third-party

investigator via the Defendant Internet Stores and determined the Infringing Products were non-genuine, unauthorized versions of the FOREO Products. *See id.*

## II. Legal Standard

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

## III. Conclusions of Law

The declarations Plaintiff submitted in support of its Motion support the following conclusions of law:

A. Plaintiff has submitted sufficient documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly one or more claims of the FOREO Patents. The documentation submitted by Plaintiff shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as one or more claims of the FOREO Patents.

B. Because of the infringement of the FOREO Patents, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury absent injunctive relief:

    i. Defendants own or control e-commerce stores and commercial Internet websites operating under their respective seller identification names and domain names which advertise, promote, offer for sale, and sell Infringing Products in violation of Plaintiff's respective

rights;

        ii.      There is good cause to believe that more Infringing Products will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products; and

        iii.      There is good cause to believe that if Plaintiff proceeds with notice to Defendants on this Application for Preliminary injunction, Defendants can easily and quickly change the ownership or modify domain registration, e-commerce store, and private messaging account data and content, change payment accounts, redirect consumer traffic to other seller identification names, private messaging accounts, and domain names, and transfer assets and ownership of the seller identification names and domain names, thereby thwarting Plaintiff's ability to obtain meaningful relief.

    C.    The balance of potential harm to Defendants in restraining their trade in Infringing Products if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its exclusive rights as to the FOREO Patents, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

    D.    The public interest favors issuance of the preliminary injunction to protect Plaintiff's patent interests and protect the public from being defrauded by the selling of genuine goods as FOREO Products.

    E.    The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

    F.    Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of

permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (*citing Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

  G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal patent laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

  H. Upon review of Plaintiff's Complaint, Motion, and supporting evidentiary submissions, it is hereby ORDERED that Plaintiff's Motion is **GRANTED**, according to the terms set forth below:

## PRELIMINARY INJUNCTION

  (1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products not authorized by Plaintiff and that utilize the technology of and/or embody the design of one or more claims in the FOREO Patents;

    b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the FOREO Patents; and

    c. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

  (2) Each Defendant shall not transfer ownership of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and Subject Domain

Names during the pendency of this action, or until further order of the Court;

(3) Each Defendant shall preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and Subject Domain Names that may have been deleted before the entry of this Order;

(4) The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

(5) Those with actual notice of this Order, including any online marketplaces such as the Online Marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of infringing goods directly or indirectly infringing the FOREO Patents, including any accounts associated with the Defendants listed on the attached Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods directly or indirectly infringing the FOREO Patents; and

  c. take all steps necessary to prevent links to the Defendant Domain Names identified on the attached Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

 (6) Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as the online marketplace platforms, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alipay, Wish, Walmart, Joom, Alibaba, Ant Financial, Amazon, DHgate, eBay, Payoneer, PingPong, Coinbase, LianLian, AllPay, Union Mobile, World First, Paxful, Shopify, Stripe, OFX, SellersFund, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery—based on the identifying information provided by Plaintiff's counsel including but not limited to, account IDs, legal names, and associated email addresses— including copies of all documents and records in such person's or entity's possession or control relating to:

  a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

  b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with Defendants' online marketplace accounts, the Defendant Domain Names, and Defendants' financial accounts,

as well as providing a full accounting of Defendants' sales and listing history related to their respective online marketplace accounts and Defendant Domain Names;

      c.      Defendants' websites and/or any online marketplace accounts;

      d.      the Defendant Domain Names or any domain name registered by Defendants; and

      e.      any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, without limitation, PayPal, Alipay, Wish, WalMart, Joom, Alibaba, Ant Financial, Amazon Pay, DHgate, eBay, Payoneer, PingPong, Coinbase, LianLian, AllPay, Union Mobile, World First, Paxful, Shopify, Stripe, OFX, SellersFund or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

(7) Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(8) Western Union shall, within five (5) business days of receipt of this Order, block any Western Union money transfers and funds from being received by Defendants until further ordered by this Court.

(9) The marketplace platforms shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' online marketplace accounts or websites:

      a.      locate all accounts and funds connected and/or related to Defendants,

Defendants' online marketplace accounts or Defendants' websites, including, but not limited to, any Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, eBay, Walmart, and Wish accounts connected and/or related to the information listed in the attached Schedule A; and

    b.    restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(10) The Financial Institutions, any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' online marketplace accounts or websites, shall within five (5) business days of receipt of this Order:

    a.    locate all accounts and funds connected and/or related to Defendants, Defendants' online marketplace accounts or Defendants' websites, including, but not limited to, any accounts connected and/or related to the information listed in Schedule A to this Order; and

    b.    restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(11) Plaintiff may provide notice of these proceedings to Defendants by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail to all e-mail addresses identified by Plaintiff and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(12) Any Defendants that are subject to this Order may appear and move to dissolve or

modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

(13) The five thousand dollar ($5,000.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida, this 1st day of November 2024.

_____
**HONORABLE DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of Record